W. U. BLANKENSHIP *et al.*, plaintiffs in error, *vs.* THE STATE, defendant in error.

A proceeding against a road commissioner under section 701 of the Revised Code is not technically a criminal proceeding but a proceeding against a public agent for neglect of duty. And the presentment of the grand jury, mentioned in said section, need not be in the form required in a presentment of a person for a violation of the criminal law of the State. In such case the road commissioner is not entitled to demand a trial by jury.

Road Commissioners. Jury Trial. Presentment. Practice. Before Judge HARRELL. Webster Superior Court. March Term, 1869.

In the general presentments of the grand jury, of said county, at September term, 1869, there was the following: "In reference to roads, we deem it necessary to return the commissioners of roads throughout the county for neglect of duty." Thereupon, the Court ordered the Clerk to cause "a rule *nisi* to be served on each of the road commissioners" of said county, requiring them to show cause, at the next term of said Court, "why they should not be fined, for a failure to discharge their duties as such commissioners." The Clerk issued the rule *nisi* as ordered. It was, on its face, addressed to each and every of the road commissioners of said county, by their several names, and each was served with a copy of it. Blankenship and others appeared, at March Term, 1870, filed their written answer to said rule, stating some of the reasons why the roads were not in better condition,

Blankenship *et al.*, *vs.* The State.

and averring that they had performed all their duties as such commissioners, to the best of their ability. The solicitor general joined issue upon said answer, and the parties were ready for trial. Defendants demanded a trial by jury, but the Court refused to allow a jury trial. Their counsel then moved to discharge them, because there was no such presentment of a grand jury against them, as was required by law. The Court overruled the motion and ordered the trial to proceed before him. Evidence was introduced *pro* and *con*. The Judge occasionally asked a witness for the State, a question touching said case. It was shown that some of the roads had been inspected by the commissioners, that some of them were in very bad condition, that they had fined overseers for failure to perform their duties, and remitted these fines upon hearing the excuses of the overseers and being satisfied these excuses were good. The defendants were examined as witnesses in their own behalf. While they testified generally as to performing their duties, they admitted that some roads were out of order, but said that they could not be repaired without great labor. They did not show that they had compelled the hands to work as many days as required by law.

The Judge fined each of them $50 00, and ordered execution to issue for that sum against each of them. Their counsel sued out a writ of error, and say that the Judge erred in refusing them a jury trial, in holding that said presentment was a sufficient foundation for his order and said proceedings, in himself questioning the State's witnesses, in holding the commissioners liable, because the hands had not worked as many days as required by law and in inflicting a fine under said facts.

(The cases were tried separately below, and come here separately, but were here consolidated and argued together, the facts being the same in each.)

HAWKINS & BURKE, C. B. WOOTEN, for plaintiffs in error.

S. WISE PARKER, Solicitor General, and THE REPORTER, for the State.

*By the Court*—BROWN, C. J., delivering the opinion.

Section 701 of the Revised Code of this State enacts, that: " whenever the grand jury of any county in this State, shall present any road commissioners for neglect of duty generally, or in any particular, it shall thereupon be the duty of the Clerk of the Court to issue a summons in writing, directed to such commissioners, commanding them to be and appear at the next Superior Court in which the presentment is made, to answer the accusation of the grand jury, which said summons shall be served by the sheriff, upon the commissioners ; at least twenty days before the Court to which the same is returnable; and if upon the investigation of the case, it shall appear that the accusation is made out by the proof, the Judge shall thereupon, impose upon such commissioners, a fine of not less than fifty, nor more than two hundred dollars." By section 638, of the old Code substantially the same power over the commissioners, were conferred upon the Inferior Court: " When any person shall file his affidavit in writing in the Clerk's office of the Inferior Court, that any commissioner or set of commissioners, have neglected their duty generally or in any particular ; or when the grand jury makes presentment of the same, or of the bad condition of any part of the public roads."

The section first quoted from the Revised Code, gives the Superior Court the same power over the commissioners, which was formely vested in the Inferior Court, with this difference, that the Inferior Court might act upon the written affidavit of any person filed in the Clerk's office, that the commissioners had neglected their duty generally, or in any particular; or when the grand jury made *presentment* of the same, or of the bad condition of any part of the public roads, while the Superior Court can act only upon the *presentment* of the grand jury. Now it is contended that this proceeding can not be sustained because the presentment was not sufficiently technical, or was not in the form prescribed for a presentment, by the Statute.

It will, we think, be apparent, by a careful investigation

Blankenship *et al.*, *vs.* The State.

of the subject, that this is not a criminal proceeding. The commissioner when fined, is not a private individual punished for a crime, but a public agent, punished for the neglect of a public duty. If it is necessary that there be a technical presentment of the grand jury in this proceeding, such as is required to put a criminal on trial. it was equally necessary when the Inferior Court acted upon the presentment of the grand jury, that it have the same technical accuracy. In each case the action is predicated upon the presentment. But it will hardly be contended that the presentment upon which the Inferior Court could act, must have set forth the offence with all the legal averments and charges contained in a bill of indictment. In each case the Statute only requires a presentment for neglect of duty *generally*, or in any particular. No doubt the legislature had in view the attention usually called to the condition of the roads by the grand juries in their general presentments, as in this case.

But let us look at the subsequent proceedings. If there must be a technical presentment of the grand jury to authorize the Superior Court to act, as in a criminal case, the subsequent proceedings should also follow the usual course of proceedings in criminal cases. After the presentment, a bench warrant should issue against the defaulting commissioner, to arrest and bring him into Court; and he should be held and tried, as in other criminal cases. Instead of this a summons is issued by the Clerk, and served upon the commissioner by the Sheriff, and if the commissioner fails or refuses to appear, the next section, 702 of the Code, provides, not that the Court shall compel his attendance by arrest, but that the Court may proceed against him *ex parte.* And by section 703, it is provided, that the Clerk issue execution for the fine imposed, which is to take lien upon the property of the defendant, as in case of defaulting road workers. This shows very clearly that it is not a criminal proceeding. And we think a technical presentment of the grand jury is not required, but that the general presentment in this case was sufficient.

The fact that the commissioners were not presented each

by name, is not a sufficient cause to quash the proceedings. All the commissioners in the county were presented. The public records showed who they were. And the summons was issued by the Clerk to each one by name. Under this summons they appeared, and made their defence. The cause shown by them was adjudged by the Court to be insufficient and we concur in that judgment.

To the commissioners is given plenary power, to have the public roads put in good condition. Judged by their own showing they had not exercised that power, and the Judge simply discharged a plain duty when he imposed the penalty prescribed by law. The public highways have been neglected in almost all parts of the State. And it is time for the grand juries to take hold of this matter vigorously; and it is the duty of the Judges of the Superior Courts to sustain them, by imposing such penalties for neglect, as will compel commissioners to do their duty. So far as it lies in our power, we shall sustain the Judges in the fearless and faithful discharge of this plain duty on their part.

We need only add that in our judgment, the objection that the Judge heard the case without a jury, is not well taken. We know of no case in which a road commissioner charged with neglect of duty, was ever tried by a jury, in any Court in this State. Neither the Constitution nor the Statute gives him the right to demand a jury.

Let the judgment of the Court below be affirmed.